## GRAY HODGES CORPORATION

v.

## FORD & LANDERS et al.

## PANNELL BROTHERS, INC.

v.

## FORD AND LANDERS, INC. et al.

Civ. Nos. 3–80–229, 3–80–256.

United States District Court,
E. D. Tennessee, N. D.

July 24, 1980.

Joseph J. Levitt, Jr., L. Anderson Galyon, III, Robert S. Talbott, Knoxville, Tenn., for plaintiff.

Robert E. Simpson, J. Michael Haynes, Asst. U. S. Attys., Knoxville, Tenn., for defendants.

### MEMORANDUM

ROBERT L. TAYLOR, District Judge.

The motion by the Government in Civ. 3–80–256 to dismiss for lack of jurisdiction raises a question as to the removability of these actions. 28 U.S.C. Section 1444 authorizes removal of foreclosure actions against the United States brought under 28 U.S.C. Section 2410. Yet the Government claims these actions are not properly brought in state court under Section 2410, because the United States claims no mortgage or lien in the property at issue. Assuming this action could not be brought under Section 2410, it cannot be removed under Section 1444. That leaves either the general removal statute, 28 U.S.C. Section 1441, or 28 U.S.C. Section 1442 as the only possible statutes authorizing removal.

However, these cases are not founded on claims or rights arising under federal law. These cases both involve alleged breaches of contract and requested foreclosures on real property, both of which are matters of state law. Claims based on state law are removable under 28 U.S.C. § 1441 only when "none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). Since Tennessee citizens are properly named as defendants in both suits, 28 U.S.C. § 1441 does not authorize removal of these lawsuits.

28 U.S.C. Section 1442 authorizes removal of state court lawsuits against agencies of the United States only where the underlying claim is for

"any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for

---

the apprehension or punishment of criminals or the collection of the revenue . . ." 28 U.S.C. § 1442(a)(1).

These lawsuits do not allege any "act" by an agency of the federal government as the basis for their claims to relief. They are not removable under Section 1442.

Both of these lawsuits apparently name the Department of Housing and Urban Development (H.U.D.) as an incidental party in a foreclosure action, in that H.U.D. may claim an interest in the property to be foreclosed. If, as the Government contends, it does not claim a lien in the property, the United States is not even an interested party to the lawsuit. Removal is not only unauthorized and unnecessary in that circumstance, it is harmful to the interests of justice in that it disrupts and delays important state court proceedings between the parties seriously interested in the suit, to satisfy a party claiming no interest. The United States wants out of a lawsuit it says it has no interest in. It should direct its request to the state court.

These actions are not properly removable to federal court. Therefore, it is ORDERED that these cases be, and the same hereby are, remanded to the Knox County Chancery Court.

Order Accordingly.